UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

---------------------------------------------------------------X
NATIONAL ALLIANCE FOR
ACCESSIBILITY, INC., a Florida non-profit
Corporation, and DENISE PAYNE,
individually,

      Plaintiffs,                                              Case No.: 1:10-cv-00697

      v.

CVS PHARMACY, INC., A Rhode Island
Corporation dba CVS at Ram's Plaza,

      Defendant.
---------------------------------------------------------------X

## ANSWER AND DEFENSES OF DEFENDANT CVS PHARMACY, INC.

Defendant CVS Pharmacy, Inc. ("CVS" or "Defendant"), by and through its undersigned counsel, hereby answers the allegations of Plaintiffs National Alliance for Accessibility, Inc. ("National Alliance") and Denise Payne's ("Payne") (together "Plaintiffs") Complaint as set forth below. By adopting the headings set forth in the Complaint for organizational purposes only, Defendant does not admit any of the allegations set forth therein. Unless expressly admitted herein, Defendant denies each and every allegation set forth in Plaintiffs' Complaint.

### JURISDICTION

1. CVS admits that Plaintiffs' Complaint purports to state a claim under Title III of the Americans with Disabilities Act ("ADA") of 1990 as amended. CVS denies that it discriminated "against the disabled (themselves) in public accommodations." The remainder of the allegations in paragraph 1 state legal conclusions for which no response is required. To the extent a response is required, CVS admits that this Court has subject matter jurisdiction over

Plaintiffs' ADA claims, pursuant to 28 U.S.C. § 1331 and the ADA. CVS denies the remaining allegations set forth in paragraph 1 of Plaintiffs' Complaint.

## PARTIES

2. CVS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiffs' Complaint and such allegations are, therefore, denied.

3. CVS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiffs' Complaint and such allegations are, therefore, denied.

4. CVS admits that it is an active Rhode Island corporation. CVS denies that it owns a property located at 1724 N. Fordham Blvd., Chapel Hill, NC 27514 in Orange County, but admits that it operates other CVS Stores in Chapel Hill, N.C., located at other addresses, but lacks sufficient knowledge or information to form a belief as to which CVS store Plaintiffs allege contain barriers.

## VENUE

5. The allegations set forth in paragraph 5 of Plaintiffs' Complaint state legal conclusions for which no response is required. To the extent a response is required, CVS admits this Court has subject matter jurisdiction over Plaintiffs' ADA claims, pursuant to 28 U.S.C. § 1331 and the ADA, and that venue is appropriate in this judicial district to the extent that Plaintiffs' claims involve a CVS Store in Chapel Hill, N.C. that is located in this district. CVS denies the remaining allegations set forth in paragraph 5 of Plaintiffs' Complaint.

## RELEVANT FACTS AND CAUSES OF ACTION

6. The allegations set forth in paragraph 6 of Plaintiffs' Complaint appear to state legal conclusions and irrelevant conjecture and rhetoric for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 6 of Plaintiffs' Complaint, as the ADA speaks for itself and the allegations set forth in paragraph 6 of Plaintiffs' Complaint are an incomplete statement of the law. CVS denies the remaining allegations set forth in paragraph 6 of Plaintiffs' Complaint.

7. The allegations set forth in paragraph 7 of Plaintiffs' Complaint state legal conclusions for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 7 of Plaintiffs' Complaint, as the ADA speaks for itself and the allegations set forth in paragraph 7 of Plaintiffs' Complaint are an incomplete statement of the law. CVS denies the remaining allegations set forth in paragraph 7 of Plaintiffs' Complaint.

8. CVS denies that it has any violations to eliminate. CVS denies all allegations in paragraph 8 of the Complaint that it has violated the ADA; that it has discriminated against Plaintiff Payne, or that any conditions at a CVS store in Chapel Hill endangered Payne's safety. CVS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of Plaintiffs' Complaint and such allegations are, therefore, denied.

9. CVS denies that it discriminated against National Alliance or its members. CVS further denies that it has violated the ADA. CVS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of Plaintiffs' Complaint concerning the actions or intention of National Alliance or its members and such

allegations are, therefore, denied. CVS denies the remaining allegations set forth in paragraph 9 of Plaintiffs' Complaint.

10. Since Plaintiffs have failed to correctly identify the location of a CVS Store in Chapel Hill, CVS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiffs' Complaint and therefore such allegations, including those in subparts (i)(a) through (ii)(l), are denied.

11. Since Plaintiffs have failed to correctly identify the location of a CVS Store in Chapel Hill, CVS is without sufficient information upon which to form a belief as to the truth of the allegations, but on information and belief CVS denies the allegations in paragraph 11 that a Chapel Hill store operated by CVS is in violation of the ADA. The remaining allegations set forth in paragraph 11 of Plaintiffs' Complaint state legal conclusions for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 11 of Plaintiffs' Complaint, as the ADA speaks for itself and the allegations set forth in paragraph 11 of Plaintiffs' Complaint are an incomplete statement of the law. CVS denies the remaining allegations set forth in paragraph 11 of Plaintiffs' Complaint.

12. The allegations set forth in paragraph 12 of Plaintiffs' Complaint appear to state legal conclusions and irrelevant conjecture and rhetoric for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 12 of Plaintiffs' Complaint, as the ADA speaks for itself and the allegations set forth in paragraph 12 of Plaintiffs' Complaint are an incomplete statement of the law. CVS denies the remaining allegations set forth in paragraph 12 of Plaintiffs' Complaint.

13. CVS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiffs' Complaint and such allegations are, therefore, denied.

14. CVS denies that it owns, operates, leases or leases a place of public accommodation known as CVS Pharmacy located at 1724 N Fordham Blvd., Raleigh, Chapel Hill 27514, in Orange County. CVS admits that it operates a CVS Pharmacy in Chapel Hill that is a place of public accommodation as defined by the ADA. The remaining allegations set forth in paragraph 14 state legal conclusions for which no response is required. To the extent a response is required, CVS states that the extent of CVS legal obligations for a property depends on several factors, notably whether the alleged barriers are within areas owned, leased or operated by CVS.

15. CVS denies that it violated the ADA. CVS denies that it subjected Plaintiffs to discrimination in violation of the ADA. CVS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of Plaintiffs' Complaint and such allegations are, therefore, denied. CVS denies the remaining allegations set forth in paragraph 15 of Plaintiffs' Complaint.

16. CVS denies the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17. CVS denies the allegations set forth in paragraph 17 of Plaintiffs' Complaint, including the allegations in each of the subcategories A through C and subparagraphs 1-14 on pages 7 through 9.

18. CVS denies the allegations in paragraph 18 that it violated the ADA. CVS is without sufficient knowledge or information to form a belief as to the truth of the allegations set

forth in paragraph 18 of Plaintiffs' Complaint concerning when Plaintiff may have visited any CVS Store in Chapel Hill, and such allegations are, therefore, denied.

19. CVS denies the allegations in paragraph 19 that it violated the ADA. CVS is without knowledge or information to form a belief as to the truth of the allegations concerning any pre-suit inspection or of Plaintiffs' intent to return in the future. CVS denies the legal allegations that Plaintiffs have standing to bring this action. The remaining allegations set forth in paragraph 19 state legal conclusions for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 19 of Plaintiffs' Complaint. CVS denies the remaining allegations set forth in paragraph 19 of Plaintiffs' Complaint.

20. CVS denies the allegations set forth in paragraph 20 of Plaintiffs' Complaint.

21. CVS admits that it advertises to customers and that these advertisements may reach long-distance travelers. CVS denies that it discriminates against any customers with disabilities and denies the remaining allegations set forth in paragraph 21 of Plaintiffs' Complaint.

22. The allegations set forth in paragraph 22 of Plaintiffs' Complaint state legal conclusions for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 22 of Plaintiffs' Complaint.

23. The allegations set forth in paragraph 23 of Plaintiffs' Complaint state legal conclusions for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 23 of Plaintiffs' Complaint, as the ADA speaks for itself and the allegations set forth in paragraph 23 of Plaintiffs' Complaint are an incomplete statement

of the law. CVS denies the remaining allegations set forth in paragraph 23 of Plaintiffs' Complaint.

24. CVS denies that it caused injury to the Plaintiffs. The remaining allegations set forth in paragraph 24 of Plaintiffs' Complaint state legal conclusions and rhetoric for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 24 of Plaintiffs' Complaint.

25. CVS denies that it has violated the ADA. The allegations set forth in paragraph 25 of Plaintiffs' Complaint appear to state legal conclusions, rhetoric and speculation for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 25 of Plaintiffs' Complaint.

26. The allegations set forth in paragraph 26 of Plaintiffs' Complaint state legal conclusions for which no response is required. To the extent a response is required, CVS denies the allegations set forth in paragraph 26 of Plaintiffs' Complaint, as the ADA speaks for itself and the allegations set forth in paragraph 26 of Plaintiffs' Complaint are an incomplete statement of the law.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. CVS alleges that all claims against it are barred to the extent that alleged barriers, if any, are obligations or breaches of others for which CVS is not responsible.

3. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, release, estoppel, acquiescence, laches, and/or unclean hands.

4. Plaintiffs' claims as contained in the Complaint are barred by the applicable statutes of limitations.

5. Plaintiffs' claims would result in unjust enrichment to Plaintiffs.

6. Plaintiffs know, or have reason to know, that some or all of their allegations are without any basis in fact or law.

7. Plaintiffs failed to exhaust CVS' internal complaint procedures and/or their administrative remedies.

8. Plaintiffs' claims are barred by the fact that Plaintiffs did not provide any notice to CVS of the alleged ADA violations prior to filing the instant Complaint.

9. Upon information and belief, Plaintiffs failed to request or accept any reasonable modification of policies, procedures, or practices, and/or failed to provide sufficient notice to enable CVS to remove barriers and/or provide alternatives, or to provide sufficient information to enable CVS to be aware of or investigate Plaintiffs' request, and/or failed to cooperate in the interactive process to determine appropriate accommodation. Accordingly, Plaintiffs have failed to mitigate any harm and are estopped from any relief.

10. Change in existing policies or procedures at, or structural modifications of, the CVS Store named in the Complaint are not required in order to maintain compliance with the ADA or any federal regulations properly promulgated thereunder.

11. CVS alleges, based upon information and belief, that some or all of the modifications set forth in Plaintiffs' Complaint are not "reasonable modifications" in the policies, practices, or procedures to the extent necessary to afford the goods, services, facilities, privileges, advantages, or accommodations to Plaintiffs because such modifications would injure

the financial operations and/or effectiveness of CVS's services and facility. See 42 U.S.C. §12.182(b)(2)(A)(ii)(1994).

12. Some or all of the modifications and/or requested injunctive relief sought in Plaintiffs' Complaint are not and/or were not readily achievable at the time the Complaint was filed, and/or are not readily achievable today, or alternatively, would impose undue burden on CVS and/or would result in significant loss of selling space and/or a fundamental alteration of the services of CVS. The defense of "readily achievable" and undue burden" is not based on the marginal cost of making changes to any one element or in any one store but upon other factors, including non-economic burdens; as well as the cumulative cost of such changes along with all costs CVS is incurring to comply with federal and state accessibility laws.

13. Some or all of the modifications and/or requested injunctive relief sought in the Complaint are not required by the ADA in order to be in compliance with the ADA.

14. CVS alleges based upon information and belief, that it and/or third parties provide customers with disabilities alternatives to barrier removal by providing access to goods and services by alternative methods such as customer services and sales assistance.

15. Plaintiffs are not entitled to recover attorney's fees or costs, as they failed to allow CVS an opportunity to remediate any barriers alleged to exist at the subject facility.

16. No injury to Plaintiffs was proximately caused by any action or inaction attributable to CVS.

17. Any and all alleged damages sustained by Plaintiffs, if any, were proximately caused by and/or were the sole responsibility of third persons over whom CVS exercised no control or authority.

18. Upon information and belief, Plaintiffs' own actions were the proximate cause of any injuries they allege to have suffered.

19. CVS alleges that Plaintiffs damages, if any, were caused by Plaintiffs' own intentional or negligent acts, thus barring or limiting Plaintiffs' right of recovery.

20. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages.

21. Plaintiffs freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

22. Plaintiffs waived any and all claims they may have or had against CVS arising from the transactions and occurrences contained in the Plaintiffs' Complaint.

23. Plaintiffs are estopped by their own conduct from asserting any and all claims they may have or had against CVS arising from the transactions and occurrences contained in the Complaint.

24. Plaintiffs' Complaint is barred, in its entirety, by the Doctrine of Laches.

25. CVS has had in place at all times, or currently has in place, a plan for compliance with the American With Disabilities Act of 1990 ("ADA"); its plan is being continuously implemented; continual progress is being made to remove barriers under CVS' plan; and CVS is in compliance with the ADA.

26. CVS alleges that it was privileged and/or justified for the alleged conduct, if any, because some or all of the alleged barriers were isolated and/or temporary interruptions in service or access.

27. Plaintiffs, at all relevant times, gave their consent, express or implied, to the alleged acts, omissions, and/or conduct of CVS.

28. The Complaint is barred, in whole or in part, because any actions taken with respect to Plaintiffs were based on honest, reasonable, and good faith beliefs in the facts as known and understood at the time.

29. At all relevant times hereto, CVS acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

30. Plaintiffs' Complaint is barred, in whole or in part, because CVS has made the public accommodation at issue accessible to disabled customers to the maximum extent feasible.

31. Plaintiffs' Complaint, and each and every claim contained therein, is barred, in whole or in part, because, to the extent any architectural barriers alleged by Plaintiffs exist, such barriers are within permissible state and/or federal dimensional tolerances. This defense is plead in the alternative and does not admit that any violation existed.

32. Upon information and belief, CVS alleges that its store was constructed and/or altered prior to the time it was leased or operated by CVS. Therefore CVS is not liable for any failure to design or construct or alter such facilities in accordance with the ADA.

33. Upon information and belief, the premises owned and/or leased by CVS was not altered or modified after January 26, 1992. 14 U.S.C. § 12183(a); 34 Code Fed. Regs. § 36.402.

34. CVS' conduct, and/or any other entity that has leased or operated CVS stores, was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders and approvals relating to building construction and/or fire safety and public safety.

35. Plaintiffs' claims are barred in whole or in part by reason of the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the store.

36. Some or all of the alleged "barriers" identified in the Complaint are not "barriers" within the meaning of the ADA or any federal regulations properly promulgated thereunder; and/or have not interfered with Plaintiffs' access to goods and/or services at CVS' store.

37. CVS alleges, in the alternative, that some or all of the architectural elements identified in the Complaint, or that may be identified in any inspection, are either not on the premises of, or are not owned, leased to, or operated by CVS.

38. Upon information and belief, CVS alleges that its store was constructed and/or altered prior to the time it was leased or operated by CVS. Therefore CVS is not liable for any failure to design or construct or alter such facilities in accordance with the ADA.

39. One or more Plaintiffs lack standing to bring this action against CVS.

40. Plaintiffs lack standing to seek relief for barriers not affecting their disabilities.

41. The rights of Plaintiff National Alliance are no greater than those of its members and Plaintiff National Alliance does not have standing with respect to stores where its members do not have standing, or with respect to elements or issues for which its members have standing.

42. Plaintiffs lack standing to assert a claim under the ADA because Plaintiffs have not suffered a threatened or actual distinct and palpable injury, there is no causal connection between the alleged injury and CVS' challenged conduct, CVS did not use or had no intention of using the architectural elements identified in the Plaintiffs' Complaint and/or there is no substantial likelihood that the relief sought by Plaintiffs will prevent or redress the injury.

43. Plaintiffs and/or Plaintiffs' counsel have failed to conduct a reasonable investigation prior to filing this action.

44. Some or all of the Plaintiffs lack standing to sue for alleged violations of architectural elements that did not pose a barrier to them based on their disabilities.

45. Some or all of Plaintiffs lack standing to sue for alleged violations of architectural elements that they did not seek to use and/or had no intention of using.

46. The allegations of the Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

47. Plaintiffs' demand for injunctive relief fail to provide requisite detail, state its terms specifically or describe in reasonable detail the acts or acts restrained or required.

48. Because Plaintiffs' Complaint is couched in broad and conclusory terms, CVS cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant CVS Pharmacy, Inc. prays that the Court dismiss the Complaint with prejudice, in its entirety, and award CVS its costs, attorneys' fees, and such other relief as the court may deem appropriate.

Respectfully submitted, this 8th day of October, 2010.

/s/ *C. Scott Meyers*
C. Scott. Meyers
N.C. State Bar No. 30651
Ellis & Winters LLP
333 N. Greene Street
Suite 200
Greensboro, NC 27401
Tel: (336) 217-4085
Fax: (336) 217-4198
Email: Scott.Meyers@elliswinters.com

Attorney for Defendant
CVS PHARMACY, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on October 8, 2010, the foregoing **DEFENDANT CVS PHARMACY, INC.'S ANSWER AND DEFENSES TO COMPLAINT** was served in accordance with the Federal Rules of Civil Procedure, and/or the Middle District's Local Rules, and/or the Middle District's Rules on Electronic Service upon the following parties and participants:

      Jacqueline London (NC State Bar No. 37699)
*Attorney for Plaintiffs*
7904 Harding Avenue, #A-2
Miami Beach, FL 33141
Tel.: (704) 248-2827
Email: Scooterlaw@gmail.com

      */s/    C. Scott Meyers*
C. Scott Meyers
N.C. State Bar No. 30651
Ellis & Winters LLP
333 N. Greene Street
Suite 200
Greensboro, NC 27401
Tel: (336) 217-4085
Fax: (336) 217-4198
Email: Scott.Meyers@elliswinters.com

Attorney for Defendant
CVS PHARMACY, INC.

Dated: October 8, 2010